UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK T. HARRIS,<br><br>       Petitioner,<br><br>    v.<br><br>T. CAMPBELL,<br><br>       Respondent. | Case No.: 1:23-cv-01765-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 18]<br><br>[THIRTY DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on December 15, 2023.[1] (Doc. 1.) On June 25, 2024, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations. (Doc. 18.) On August 21, 2024, Petitioner filed an opposition to the motion to dismiss. (Doc. 22.) On August 29, 2024, Respondent filed a reply to Petitioner's opposition. (Doc. 23.) Upon review of the pleadings, the Court finds that the petition violates the statute of limitations. The Court will

---

[1] Although the petition was filed in this Court on December 26, 2023, the proof of service was dated December 15, 2023. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on December 15, 2023, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Thus, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 11, 2021, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner was

sentenced in Fresno County Superior Court on January 12, 2011. (Doc. 19-1 at 1.[2]) Petitioner appealed the sentence, and on August 9, 2012, the California Court of Appeals vacated the sentence and remanded the matter for resentencing. (Doc. 19-2 at 7.) On January 4, 2013, the superior court resentenced Petitioner. (Doc. 19-3 at 1.) Petitioner again appealed; however, on September 4, 2013, the appeal was dismissed at his request. (Doc. 19-4 at 2.) Petitioner did not petition for review in the California Supreme Court. Direct review therefore concluded on September 14, 2013, when the ten-day period for filing a petition for review expired. See Cal. Rules of Court, Rule 8.500(e)(1). The statute of limitations commenced on the following day, September 15, 2013, and expired one year later on September 14, 2014. Absent applicable tolling, the last day to file a federal habeas petition was September 14, 2014. Here, Petitioner did not file his federal petition until December 15, 2023, which was over 9 years beyond the deadline.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed nine collateral petitions in the state courts as follows:

First Petition
Fresno County Superior Court
Filed: September 9, 2010;
Denied: October 28. 2010;

Second Petition
California Court of Appeals, Fifth Appellate District

---

[2] Citations are to ECF pagination unless otherwise noted.

3

    Filed: December 6, 2010;
    Denied: December 20, 2010;

    <u>Third Petition</u>
    California Court of Appeals, Fifth Appellate District
    Filed: February 2, 2012;
    Denied: April 3, 2012;

    <u>Fourth Petition</u>
    California Supreme Court
    Filed: September 11, 2012;
    Denied: October 17, 2012;

    <u>Fifth Petition</u>
    California Court of Appeals, Fifth Appellate District
    Filed: January 26, 2016;
    Denied: February 10, 2016;

    <u>Sixth Petition</u>
    Fresno County Superior Court
    Filed: November 25, 2019;
    Denied: January 30, 2020;

    <u>Seventh Petition</u>
    Fresno County Superior Court
    Filed: October 14, 2020;
    Denied: December 7, 2020;

    <u>Eighth Petition</u>
    Fresno County Superior Court
    Filed: February 3, 2022;
    Denied: March 30, 2022;

    <u>Ninth Petition</u>
    California Court of Appeals, Fifth Appellate District
    Filed: April 18, 2022;
    Denied: May 11, 2022.

(Docs. 19-5 to 19-19.)

Petitioner is not entitled to statutory tolling for collateral actions filed before the commencement of the limitations period. <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008). Therefore, the first four petitions had no tolling consequences. Petitioner is also not entitled to tolling for the time period between the finality of direct of review and the commencement of post-conviction collateral review. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Finally, Petitioner did not file his first post-conviction collateral challenge until January 26, 2016, which was over 16 months beyond the deadline. Thus, he is not entitled to tolling for that petition. For the same reasons,

Petitioner's remaining collateral challenges had no tolling consequences. Therefore, the federal petition is untimely.

IV.     Equitable Tolling

Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769 (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted).

The diligence requirement is a separate inquiry from the extraordinary circumstance inquiry and "covers those affairs within the litigant's control." Menominee Indian Tribe of Wisconsin v. U.S., 136 S. Ct. 750, 756 (2016).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. (quoting Holland, 560 U.S. at 653) (internal quotation marks omitted).  Nevertheless, a petitioner must demonstrate diligence at all times up to the filing of the federal habeas petition, not only during the time an alleged impediment stood in his way of timely filing. Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*).

After Holland, the Ninth Circuit has continued to rely on previous equitable tolling cases in which it held that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." Id. (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003))) (alterations in Ford) (internal quotation marks omitted); see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citing Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

In his petition, Petitioner contends he is entitled to equitable tolling because he suffers from a mental illness. Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996); see also Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir. 1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D.Ill. 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y. 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C. 1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3rd Cir. 1970) ("Insanity does not prevent a federal statute of limitations from running.").

The Ninth Circuit has followed this rule in Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010), holding that a petitioner has the burden of showing that his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." In Bills, the Ninth Circuit established the following two-part test to determine whether equitable tolling should be permitted based on mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating that the impairment was so severe that either
>
> (a) Petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuation its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099-1100. Bills notes that, "to evaluate whether a petitioner is entitled to equitable tolling, the district court must determine whether the petitioner's mental impairment made it impossible to timely file on his own." Id. at 1100-1101. However, "[w]ith respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." Id. at 1101. Bills summarizes the relevant question as: "Did the mental impairment cause an untimely filing?" Id. at 1100 n. 3.

Respondent contends Petitioner should not be entitled to equitable tolling because the mental health records Petitioner has submitted do not address the relevant question—i.e., why he was unable to timely file his federal petition. Respondent has also submitted Petitioner's entire mental health record. (Doc. 18-1 to 18-10.) Respondent contends that Petitioner's mental health record does not indicate Petitioner was unable to timely file his federal habeas petition.

The Court has reviewed Petitioner's exhibits and his entire mental health record and concludes that Petitioner was not suffering from a mental health illness such that he was unable to timely file his federal habeas petition or understand the requirement of timely filing his petition. The Court notes Petitioner did participate in the mental health treatment program. However, he was treated generally on an outpatient basis at the CCCMS level of care while housed in general population. (Doc. 18-1 at 80, 343 ("he has vacillated between CCCMS and GP LOC but has remained stable in CCCMS since 2002").) CCCMS is considered the basic or lowest level of treatment. (Doc. 18-11 at 2.) Higher levels of treatment include Enhanced Outpatient Program (EOP), Mental Health Crisis Bed (MHCB), and Department of State Hospitals (DSH) admissions. According to Petitioner's record, he did not receive any such treatment during his current prison term. (Doc. 18-1 at 11, 77, 84, 343 ("There is no evidence of MHCB or DSH placement").)

Petitioner's record shows he was diagnosed and treated for schizophrenia during his prison term. (Doc. 18-1 at 77, 79, 84, 85.) There is no indication in the record that this illness caused any mental health emergencies or disabilities which would impact his understanding or ability to timely file his federal petition. (Doc. 18-1 at 76-77.) The record shows the illness had been successfully treated with medication throughout Petitioner's term such that his mental health was consistently well regulated. (Doc. 18-1 at 21, 79.) The record also shows Petitioner was diagnosed with major depressive disorder and anxiety disorder early in his prison term. (Doc. 18-2 at 1, 16, 22.) Although his depressive disorders were noted to impair his sleep, appetite, motivation, energy, and hygiene, there is no evidence that the disorder impacted his understanding or ability to timely file his petition. (Doc. 18-2 at 1.) As noted by Respondent, the mental health assessments repeatedly indicated Petitioner to be stable, alert, and cooperative, that his thoughts have been oriented, and that he

exhibited appropriate behavior.  (Doc. 18-1 at 10, 18, 22, 25, 27, 30, 32, 34, 37, 39, 41, 44, 47-49, 84, 96, 98, 101, 103, 105, 108, 112, 146-50, 152, 181, 184; Doc. 18-2 at 41, 51.)

The record also shows that Petitioner did not have any deficits in self-advocacy. (Doc. 18-1 at 69, 72.)  It was noted that Petitioner demonstrated the ability to use CDCR forms to self-advocate throughout his prison term. (Doc. 18-1 at 69 ("He has a history of submitting multiple 602's and 1824's to self-advocate for his needs, and he appears to have a basic understanding of the legal processes he is involved in as evidenced by his continued self-advocating to get assistance with completing his legal paperwork"), 72 (inmate "has been able to self-advocate, both verbally and in arranged writing, over the course of the past several years"), 154, 156.)  The record also contains a notation that "there appears to be no deficits in verbal communication, academic/work, self-care, self-direction, socialization, leisure time and self-advocacy/use of inmate resources." (Doc. 18-1 at 69.) Petitioner's nine collateral challenges filed before and after the limitations period also belie his claim that his mental illness rendered him unable to timely pursue his petition. See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir.2014) (equitable tolling not available when petitioner repeatedly sought administrative and judicial remedies including three state habeas petitions); Nixon v. Sherman, 2014 WL 6901845, * 5 (E.D. Cal. 2014) (claim of mental impairment insufficient to justify equitable tolling where inmate managed to file two inmate appeals and two state habeas petitions despite impairment) Stancle v. Clay, 2009 WL 2007119, *4 (C.D. Cal. 2009) ("Petitioner's claim that his alleged mental impairment stood in the way of his filing a timely habeas petition is also belied by the fact that he was able . . . to file multiple petitions in state court during the time immediately prior to the filing of his federal habeas petition.").

In his opposition, Petitioner blames his untimely filings on "jailhouse lawyers who took advantage of [him] for their own selfish greed, by making [him] pay them to file frivolous writs on his behalf." (Doc. 22 at 11.)  However, reliance on an inmate for legal assistance to the petitioner's detriment does not justify equitable tolling. See Reid v. Lambert, 2004 WL 1305249 (D. Or. 2004) (alleged dereliction of an inmate legal assistant does not warrant equitable tolling). Moreover, the fact Petitioner filed numerous state petitions with assistance demonstrates he was able to avail himself of legal assistance as well as understand the need to file a petition.

Petitioner further claims his current mental health "symptoms are anti-psychotic, depression and anxiety." (Doc. 22 at 12.)  These current mental health symptoms, occurring over 9 years after the statute of limitations expired, provide no support for his claim that his mental illness was so severe as to prevent a timely filing during the relevant time period. Rather, Petitioner's mental health record spanning the course of his prison term, including the relevant time period, shows that Petitioner did not suffer from a mental impairment so severe as to cause him to not rationally or factually understand the need to timely file, or to render him unable to prepare and file a habeas petition. See Bills, 628 F.3d at 1097.  As Petitioner has failed to show that an extraordinary circumstance stood in his way and that he has been pursuing his rights diligently, he should not be granted equitable tolling.  See Pace, 544 U.S. at 418.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

/////
/////
/////

Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 10, 2024**         /s/ *Sheila K. Oberto*
                             UNITED STATES MAGISTRATE JUDGE